UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST IMMIGRANT RIGHTS PROJECT ("NWIRP"), a nonprofit Washington public benefit corporation; and YUK MAN MAGGIE CHENG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;  JUAN OSUNA, in his official capacity as Director of the Executive Office for Immigration Review; and JENNIFER BARNES, in her official capacity as Disciplinary Counsel for the Executive Office for Immigration Review,<br><br>Defendants. | No. 2:17-cv-00716<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

The Northwest Immigrant Rights Project ("NWIRP") provides free and low-cost legal services to more than 10,000 immigrants each year through its 70 staff members and more than 350 volunteer attorneys. NWIRP provides these services to noncitizens in deportation (removal) proceedings before the Executive Office for Immigration Review and to those who are not in such proceedings but seek to apply for immigration benefits from U.S. Citizenship and Immigration Services—benefits that include asylum, family visas, naturalization, visas for

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 1

4828-9710-2920v.7 0201148-000002

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

survivors of trafficking and other violent crimes, and Temporary Protected Status. NWIRP offers various different legal services depending on the needs of each client, the type of relief sought, and the resources NWIRP has available. These services range from full representation to brief counseling, and they take place on an individualized basis, in legal clinics, in group assistance events, and at community outreach functions.

Over the past several weeks, the Executive Office for Immigration Review, the U.S. Department of Justice, and the individual Defendants (collectively, "EOIR") have set out to restrict NWIRP's ability to offer this assistance. Relying on a new and novel interpretation of its 2008 rule governing attorney misconduct, EOIR now insists on a Hobson's choice: either NWIRP must commit to full legal representation of *every* immigrant in removal proceedings it presently assists (which is plainly impossible), or NWIRP must refrain from providing them *any* form of legal assistance—not even a brief consultation. EOIR's cease-and-desist order to NWIRP will deprive thousands of immigrants—including asylum seekers and unaccompanied children—of the chance to consult with a NWIRP lawyer to evaluate their potential claims for legal residence. EOIR's interpretation will also deprive otherwise unrepresented immigrants of legal advice they need to understand United States law, and assistance with navigating the immigration court system.

EOIR's new edict purports to control not just the appearance of attorneys in removal proceedings but their communications with clients (and even potential clients) and other limited assistance provided outside of an active EOIR proceeding. The vague and overbroad rule, and EOIR's application of it to NWIRP, violates (1) the First Amendment, by restricting NWIRP's rights to free speech, free association, and to petition the government, and (2) the Tenth Amendment, by invading the power reserved to the State of Washington (and other states) to regulate the practice of law. And, because individuals in deportation proceedings are not provided with appointed counsel and most of them cannot afford to pay for private counsel, EOIR's actions will ultimately prevent many immigrants from receiving *any* legal assistance at all.

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 2

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Plaintiffs now bring this lawsuit for declaratory and injunctive relief, and respectfully ask this Court to halt EOIR's unconstitutional overreach.

## I.   PARTIES

1.1   Plaintiff NWIRP is a Washington nonprofit public benefit corporation with its principal place of business in Seattle, Washington, and with additional offices in Tacoma, Wenatchee, and Granger, Washington.  NWIRP was founded in 1984.  Its mission is to promote justice by defending and advancing the rights of immigrants through direct legal service, systemic advocacy, and community education.

1.2   Plaintiff Yuk Man Maggie Cheng is a NWIRP staff attorney licensed to practice law in Washington by the Washington Supreme Court.  As a licensed Washington attorney, she is subject to regulation and supervision by the Washington Supreme Court and by the Washington State Bar Association, a state agency.

1.3   Defendant Jefferson Beauregard Sessions III is the United States Attorney General and head of the United States Department of Justice.  Sessions is sued in his official capacity.

1.4   Defendant United States Department of Justice ("DOJ") is an executive department of the United States charged with enforcing federal law.

1.5   Defendant Executive Office for Immigration Review is a federal office/agency within and overseen by DOJ, and is responsible for adjudicating immigration cases.  EOIR issued the cease-and-desist letter at issue in this case.

1.6   Defendant Juan Osuna is the Director of EOIR.  Osuna is sued in his official capacity.

1.7   Defendant Jennifer Barnes is an employee of EOIR and holds the title of Disciplinary Counsel.  Barnes is sued in her official capacity.

## II.   JURISDICTION & VENUE

2.1   This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under the laws of the United States, and pursuant to 28 U.S.C. § 1361, as this

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

action seeks to compel an officer or employee of the United States, or an agency thereof, to perform a duty owed to Plaintiffs. The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

2.2     This Court has personal jurisdiction over all Defendants, and venue is proper in this district, pursuant to 28 U.S.C. § 1391(e).

### III.   FACTS

**A.     NWIRP Plays a Critical Role in Providing Legal Assistance to Immigrants**

3.1     NWIRP is the primary nonprofit legal services provider for immigrants in removal proceedings in Washington State and for persons detained at the Northwest Detention Center ("NWDC"), an immigration prison in Tacoma, Washington. NWIRP staff attorneys provide direct representation in hundreds of cases and organize pro bono representation for more than 200 additional cases each year.

3.2     NWIRP screens more than 1,000 potential clients per year. In 2016 alone, NWIRP screened 641 individuals who were potentially eligible for asylum.

3.3     NWIRP also provides "Know Your Rights" ("KYR") presentations, community workshops, and individual consultations to unrepresented individuals.

3.4     NWIRP relies on grants and charitable contributions to provide limited services to unrepresented immigrants. These services include helping immigrants file motions to terminate proceedings, motions to change venue, and motions to reopen old removal orders before EOIR. NWIRP also assists hundreds of clients in preparing various application forms seeking relief from removal, including applications for asylum, family visas, cancellation of removal, special immigrant juvenile status, and U & T visas for victims of trafficking and violent crimes.

3.5     Due to time, cost, and other resource constraints, NWIRP can provide limited or full representation to clients in only a small fraction of the total screenings it performs. Full representation in removal proceedings can entail the preparation and filing of a) required procedural and substantive motions; b) applications and briefing for all forms of relief for

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 4

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

which the applicant is eligible; and c) extensive documentation of key facts in the case, including reports on country conditions, testimony by an expert or lay witness, and evaluations by psychologists or other medical professionals. Removal proceedings often involve multiple hearings over the course of several years.

3.6   For every individual it screens, NWIRP provides personal consultations to advise the individual of procedural requirements and to help identify potential defenses and forms of relief.

3.7   Of the individuals it screens, NWIRP places, on average, over 200 cases per year with pro bono attorneys. In 2016, NWIRP placed 242 cases with pro bono attorneys, with 103 of those cases in removal proceedings. Through the first four months of 2017, NWIRP placed 137 cases for direct representation with pro bono attorneys, with 73 of those cases in removal proceedings.

### B.   EOIR Threatens NWIRP with Disciplinary Sanctions for Providing Limited Legal Assistance to Unrepresented Immigrants

3.8   On December 18, 2008, EOIR published new rules of professional conduct governing "practitioners who appear before [EOIR]," creating additional categories of attorney misconduct that are subject to disciplinary sanctions. *See* Professional Conduct for Practitioners, 73 Fed. Reg. 76,914 (Dec. 18, 2008), codified at 8 C.F.R. §§ 1001, 1003 & 1292. One of these rules, 8 C.F.R. § 1003.102(t), establishes that EOIR may impose disciplinary sanctions against any attorney representing noncitizens before the agency who fails to file a notice of entry of appearance (on Form EOIR-27 or -28).

3.9   EOIR's rule defines representation very broadly. The rule requires attorneys to submit a notice of appearance where they have engaged in "practice" or "preparation," as defined in 8 C.F.R. § 1001.1:

> (i) The term *practice* means the act or acts of any person appearing in any case, either in person or through the preparation or filing of any brief or other document, paper, application, or petition on behalf of another person or client before or with DHS, or any immigration judge, or the Board.

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 5

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

…

> (k) The term *preparation,* constituting practice, means the study of the facts of a case and the applicable laws, coupled with the giving of advice and auxiliary activities, including the incidental preparation of papers, but does not include the lawful functions of a notary public or service consisting solely of assistance in the completion of blank spaces on printed Service forms by one whose remuneration, if any, is nominal and who does not hold himself out as qualified in legal matters or in immigration and naturalization procedure.

3.10   Notably, the immigration court does not permit limited appearances[1] or unilateral withdrawals in removal proceedings.  Once an attorney files a notice of appearance, the attorney must represent the immigrant for the entirety of the removal case before the immigration judge (or, if on appeal, before the Board of Immigration Appeals).  The attorney may only withdraw with leave of the court, and leave is granted only in exceptional circumstances.

3.11   When these new rules were adopted, NWIRP met with the local immigration court administrator to discuss how the rule would impact the services NWIRP provides to pro se individuals.  NWIRP agreed that it would notify the court when it assisted with any pro se motion or brief by including a subscript or other clear indication in the document that NWIRP had prepared or assisted in preparing the motion or application.  This convention was accepted, and no concerns were raised by the local immigration courts or by EOIR in the intervening nine years.

3.12   In August 2016, the EOIR's Fraud & Abuse Prevention Counsel, Brea C. Burgie, contacted NWIRP to coordinate efforts on combatting "notario fraud."[2]  Using funding received from the Washington State Attorney General's Office, NWIRP had already implemented a special project addressing notario fraud.  NWIRP discussed with Ms. Burgie the

---

[1] The one exception, created in 2015, allows for a limited appearance only for the purpose of representing a respondent in a custody (bond) proceeding. *See* Separate Representation for Custody and Bond Proceedings, 80 Fed. Reg. 59,500 (Oct. 1, 2015) (amending 8 C.F.R. § 1003.17).

[2] The American Bar Association (ABA) describes this problem as "immigration consultants who are engaging in the unauthorized practice of law" by using "false advertising and fraudulent contacts [and] hold[ing] themselves out as qualified to help immigrants obtain lawful status, or perform[ing] legal functions such as drafting wills or other legal documents."  *See* ABA, *Fight Notario Fraud*, http://www.americanbar.org/groups/public_services/immigration/projects_initiatives/fightnotariofraud.html.

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 6

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

tools it uses to combat such fraud, including community education outreach, KYR presentations, and asylum workshops. The aim of these tools is to provide avenues, besides notarios, for unrepresented people to seek assistance in filling out immigration applications when they cannot afford the representation of an immigration attorney.

3.13   Ms. Burgie then requested a follow-up call with NWIRP to discuss the asylum workshops. She noted that Defendant Jennifer Barnes, EOIR's Disciplinary Counsel, would participate in the call. In the subsequent call on October 11, 2016, Defendant Barnes stated that EOIR's regulations limit organizations, including nonprofit organizations, from assisting pro se individuals in filling out asylum applications.

3.14   On April 13, 2017, NWIRP received a letter from Defendant Barnes on behalf of EOIR's Office of General Counsel, stating EOIR was aware that NWIRP had assisted at least two pro se applicants in filing motions without first filing notices of appearance with the immigration court. Defendant Barnes instructed NWIRP to "cease and desist from representing aliens unless and until the appropriate Notice of Entry of Appearance form is filed with each client that NWIRP represents." A copy of the letter is attached hereto as ***Exhibit 1***.

3.15   Attached to Defendant Barnes's letter were two motions to reopen that NWIRP assisted pro se immigrant clients in preparing: one submitted to the Seattle Immigration Court, and another submitted to the Tacoma Immigration Court at the NWDC. Both motions clearly identified NWIRP as assisting the pro se individual in preparing the motion.

3.16   The motion filed with the Tacoma Court was a one-page template motion in which a NWIRP advocate assisted the detained person by handwriting in the substance of the basis for the detained person's request for a new hearing. The pro se individual later submitted the motion through the internal mailing system at the detention center.

3.17   The motion filed with the Seattle Court was prepared and submitted on behalf of a pro se individual by Plaintiff Maggie Cheng, a NWIRP staff attorney specializing in asylum cases. The motion explained the reasons why the client had missed a prior hearing, which had led the immigration court to issue an order of removal in absentia. In addition, the motion

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

explained that the respondent is prima facie eligible for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The motion stated that "Northwest Immigrant Rights Project is assisting [the respondent] in submitting this motion to reopen." The motion included an application for asylum, withholding, and CAT protection. The motion also clearly identified Plaintiff Cheng as the attorney preparing the application, and it included Plaintiff Cheng's contact information. After the motion to reopen was denied, Plaintiff Cheng submitted a notice of appearance with EOIR agreeing to directly represent the respondent in appealing the decision to the Board of Immigration Appeals.

**C.   EOIR's Threat to Impose Disciplinary Sanctions for Limited Legal Assistance Will Cripple Pro Bono Legal Aid to Immigrants**

3.18   There is no right to appointed counsel in immigration court, other than for detained individuals with serious mental illness or disorders.[3]  According to a recent national study, only 37 percent of individuals appearing before immigration court are represented; in Washington state, 65 percent of individuals are represented before the immigration court in Seattle, and only 8 percent in Tacoma.[4]  As of May 4, 2017, there are approximately 8,882 pending cases before the Seattle and Tacoma immigration courts.[5]

3.19   Access to legal counsel critically affects an individual's likelihood of success in removal proceedings. Non-detained individuals represented by counsel are five times more likely to submit applications for relief and over three times more likely to succeed than their unrepresented counterparts; even more significantly, detained individuals with representation are over ten times more likely to seek and succeed on their applications for relief when compared to their unrepresented counterparts.[6]  Yet, pro se immigrants—even those who are

---

[3] *See* INA § 240(b)(4)(A) (providing right to counsel "at no expense to the Government"); *Franco-Gonzalez v. Holder*, 767 F. Supp.2d 1034, 1058 (C.D. Cal. 2011) (finding that mentally disabled immigrant detainees are entitled to appointed counsel at the government's expense).
[4] *See* Ingrid Eagly and Steven Shafer, American Immigration Council, *Access to Counsel in Immigration Court* 5 (Sept. 2016), available at https://www.americanimmigrationcouncil.org/sites/default/files/research/access_to_counsel_in_immigration_court.pdf.
[5] *See* TRAC Immigration, "Immigration Court Backlog Tool," *available at* http://trac.syr.edu/phptools/immigration/court_backlog/ (last visited May 4, 2017).
[6] *See* Eagly & Shafer, *supra* n.3, at 10–20.

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 8

detained—are not entitled to any assistance in preparing and filing forms or briefs with EOIR. Further, although 8 C.F.R. § 1003.33 requires that all written documents be submitted in English, EOIR provides no translation assistance to persons in removal proceedings.

3.20   NWIRP seeks to meet the high demand for legal counsel through its staff and pro bono volunteer attorneys, but there remain a vast number of individuals whom NWIRP cannot represent or place with a pro bono attorney, or who require vital services before NWIRP has the opportunity to evaluate their capacity for full representation.

3.21   NWIRP seeks to ameliorate the significant disadvantage faced by unrepresented persons in removal proceedings by providing limited services to hundreds of unrepresented individuals each year to whom it cannot provide full representation. Some of these services include:

   a.   Provision of general information about the immigration court system, such as an overview of court procedures, the elaborate procedural requirements for filing applications with the immigration court, and the consequences of failing to appear for a hearing;

   b.   Individual consultations to review the facts of a particular person's case, including assistance with record requests, to identify potential forms of relief and paths to legal status;

   c.   Assistance in preparing applications for relief from removal, including i) applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); ii) applications for cancellation of removal for lawful permanent residents under 8 U.S.C. § 1229b(a); iii) applications for cancellation of removal for non-permanent residents under § 1229b(b); iv) applications for U and T non-immigrant status for victims of violent crimes and human trafficking; and v) applications for family petitions;

   d.   In the case of asylum seekers in particular, expedited assistance in preparing asylum applications, as immigrants are required to file asylum applications

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

with the immigration court within one year of arrival in the United States—a deadline many are often unaware of until they are screened by NWIRP;

      e.      Assistance in gathering evidence and preparing packets of materials on country conditions for detained individuals seeking asylum, withholding of removal, and relief under CAT;

      f.      Assistance in filing motions to terminate removal proceedings where DHS charges individuals as being deportable for certain criminal or immigration violations that arguably do not constitute grounds of removability;

      g.      Assistance in filing motions to change venue, which require detailed pleadings and statements of relief—a service that is particularly important for individuals who have relocated to Washington after being detained and released near the border, as their cases are still scheduled to continue at the border and most will be ordered removed in absentia if they fail to travel to their court hearing; and

      h.      Assistance in filing motions to reopen cases where persons previously ordered removed, often times in absentia, face imminent removal from the United States unless they immediately file a motion to reopen.

3.22    When assisting individuals with these matters, NWIRP explains the scope of the services that it will and will not provide to make sure the individual understands the nature of the assistance.  In every case where NWIRP is able to provide only limited services and not full representation to a client, NWIRP obtains the client's informed consent to that limitation, consistent with Washington Rule of Professional Conduct 1.2(c).

3.23    NWIRP cannot comply with EOIR's cease-and-desist letter without greatly curtailing its services to immigrants.  It does not have—and could not possibly be expected to have—the resources to provide full representation to every person who is potentially eligible for relief.

3.24    In fact, as written, EOIR's letter casts into doubt whether NWIRP can continue to consult with unrepresented persons, screen cases for referral to volunteer attorneys, or

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 10

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

conduct workshops and presentations. Due to this uncertainty, NWIRP is now compelled to choose between halting most of the services it provides to immigrants or continuing to provide those services under threat of disciplinary sanctions. EOIR's letter has a considerable chilling effect on NWIRP's activities, impairing NWIRP's ability to advocate for the statutory and constitutional rights of immigrants.

3.25   EOIR's interpretation of its administrative rule fundamentally violates the First Amendment rights of NWIRP and its attorneys to communicate and associate with their clients, and to petition the government. It also encroaches upon the power reserved to Washington (and other states) to regulate the practice of law—a power that belongs exclusively to the States under the Tenth Amendment.

3.26   For these reasons, NWIRP now brings this lawsuit to enjoin EOIR from further constitutional violations.

### IV.   FIRST CAUSE OF ACTION—VIOLATION OF THE FIRST AMENDMENT (AS APPLIED)

4.1   The First Amendment to the United States Constitution guarantees Plaintiffs the rights to free speech, to free assembly, and to petition the government.

4.2   Plaintiffs exercise these rights when they screen, consult with, advise, and otherwise assist immigrants in need of legal services.

4.3   EOIR's new and overbroad interpretation of 8 C.F.R. § 1001.1(i) and (k), as incorporated into 8 C.F.R. § 1003.102(t), violates the First Amendment by curtailing Plaintiffs' exercise of their First Amendment rights.

4.4   This violation causes ongoing and irreparable harm to Plaintiffs, who have no adequate remedy at law for EOIR's wrongful conduct. Absent immediate injunctive relief, Plaintiffs will continue to suffer irreparable harm.

### V.   SECOND CAUSE OF ACTION—VIOLATION OF THE FIRST AMENDMENT (FACIAL)

5.1   The First Amendment to the United States Constitution guarantees Plaintiffs the rights to free speech, to free assembly, and to petition the government.

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 11

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

5.2     Plaintiffs exercise these rights when they screen, consult with, advise, and otherwise assist immigrants in need of legal services.

5.3     8 C.F.R. § 1001.1(k), as incorporated into 8 C.F.R. § 1003.102(t), violates the First Amendment because it is a vague, overbroad, and unduly burdensome restriction on Plaintiffs' rights to free speech, to free assembly, and to petition the government.

5.4     8 C.F.R. § 1001.1(k), as incorporated into 8 C.F.R. § 1003.102(t), also violates the First Amendment because it burdens the constitutionally protected speech of third parties, including others similarly situated to Plaintiffs and the clients and potential clients of Plaintiffs.

5.5     This violation causes ongoing and irreparable harm to Plaintiffs, who have no adequate remedy at law.  Absent immediate injunctive relief, Plaintiffs will continue to suffer irreparable harm.

## VI.    THIRD CAUSE OF ACTION—VIOLATION OF THE TENTH AMENDMENT (AS APPLIED)

6.1     The Tenth Amendment prohibits the federal government from exercising powers not expressly delegated to it by the Constitution, and reserves those powers to the States or to the people.

6.2     Regulation of the practice of law is a matter reserved to the States.  While the federal government may regulate the conduct of attorneys who appear in federal administrative proceedings, it may not promulgate or enforce general regulations affecting the conduct of lawyers outside the scope of such proceedings, such as regulations that purport to prohibit consulting with and/or providing limited services to pro se immigrants.

6.3     Many of NWIRP's services—giving KYR presentations, consulting with unrepresented persons, identifying defenses and forms of relief, advising persons regarding procedural steps for obtaining relief, screening and evaluating cases, making referrals, and assisting with forms and applications—are all part of the general practice of law.  In the performance of these services, NWIRP attorneys may agree to represent a client and appear in a

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 12

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

federal administrative proceeding—or they may not. But these services occur outside the confines of an EOIR administrative proceeding.

6.4     The Supreme Court of the State of Washington regulates the practice of law in Washington. In furtherance of that power, the Supreme Court adopted the Washington Rules of Professional Conduct ("WRPCs"), which govern the conduct of Washington-licensed lawyers and their relationships with clients. Relevant here:

    a.   WRPC 1.2(c) allows lawyers to limit the scope of representation with the informed consent of the client;

    b.   WRPC 1.6(a) prohibits a lawyer from revealing information relating to the representation of a client absent informed consent; and

    c.   WRPC 6.5(a) provides special consideration for pro bono representation, specifically where lawyers provide short-term limited legal services under the auspices of a not-for-profit organization such as NWIRP.

6.5     EOIR's new and overbroad interpretation of 8 C.F.R. § 1001.1(i) and (k), as incorporated into 8 C.F.R. § 1003.102(t), violates the Tenth Amendment by purporting to restrict and unduly burden Plaintiffs in their general practice of law before they have appeared or agreed to represent a client in an agency proceeding. EOIR's interpretation also violates the Tenth Amendment because it conflicts with a Washington lawyer's rights and obligations established by the State as set forth in the WRPCs.

6.6     This violation causes ongoing and irreparable harm to Plaintiffs, who have no adequate remedy at law. Absent immediate injunctive relief, Plaintiffs will continue to suffer irreparable harm.

### VII.   FOURTH CAUSE OF ACTION—VIOLATION OF THE TENTH AMENDMENT (FACIAL)

7.1     The Tenth Amendment prohibits the federal government from exercising powers not expressly delegated to it by the Constitution, and reserves those powers to the States or to the people.

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 13

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

7.2     Regulation of the practice of law is a matter reserved to the States.  While the federal government may regulate the conduct of attorneys who appear in federal administrative proceedings, it may not promulgate or enforce general regulations affecting the conduct of lawyers outside the scope of such proceedings, such as regulations that purport to prohibit consulting with and/or providing limited services to pro se immigrants.

7.3     Many of NWIRP's services—giving KYR presentations, consulting with unrepresented persons, identifying defenses and forms of relief, advising persons regarding procedural steps for obtaining relief, screening and evaluating cases, making referrals, and assisting with forms and applications—are all part of the general practice of law.  In the performance of these services, NWIRP attorneys may agree to represent a client and appear in a federal administrative proceeding—or they may not.  But these services occur outside the confines of an EOIR administrative proceeding.

7.4     The Supreme Court of the State of Washington regulates the practice of law in Washington.  In furtherance of that power, the Supreme Court adopted the WRPCs, which govern the conduct of Washington-licensed lawyers and their relationships with clients.

7.5     In 1983, the American Bar Association promulgated Model Rules of Professional Conduct ("MRPCs"), which have since been adopted by 49 states and the District of Columbia.

7.6     Various WRPCs and MRPCs are implicated by EOIR's action here, namely:

a.     WRPC 1.2(c) and MRPC 1.2(c) allow lawyers to limit the scope of representation with the informed consent of the client;

b.     WRPC 1.6(a) and MRPC 1.6(a) prohibit a lawyer from revealing information relating to the representation of a client absent informed consent; and

c.     WRPC 6.5(a) and MRPC 6.5(a) provide special consideration for pro bono representation, specifically where lawyers provide short-term limited legal services under the auspices of a not-for-profit organization such as NWIRP.

7.7     8 C.F.R. § 1001.1(k), as incorporated into 8 C.F.R. § 1003.102(t), violates the

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 14

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Tenth Amendment by restricting and unduly burdening Plaintiffs in their general practice of law before they have appeared or agreed to represent a client in an agency proceeding. EOIR's interpretation also violates the Tenth Amendment insofar as it conflicts with lawyers' rights and duties established by the States as set forth in the WRPCs and the MRPCs.

7.8     This violation causes ongoing and irreparable harm to Plaintiffs, who have no adequate remedy at law. Absent immediate injunctive relief, Plaintiffs will continue to suffer irreparable harm.

**VIII.   FIFTH CAUSE OF ACTION—DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

8.1     An actual controversy has arisen between Plaintiffs and EOIR. The parties have genuine and opposing interests, which are direct and substantial.

8.2     A judicial determination of the parties' rights and other legal relations would provide final and conclusive relief. Absent such a determination, Plaintiffs will continue to suffer invasion of their constitutional rights due to EOIR's wrongful conduct.

8.3     Plaintiffs are entitled to a declaration that EOIR cannot lawfully enforce 8 C.F.R. § 1003.102(t).

8.4     In the alternative, Plaintiffs are entitled to a declaration that EOIR cannot lawfully enforce 8 C.F.R. § 1003.102(t) against Plaintiffs or any staff or volunteer attorney under Plaintiffs' direction and control.

**PRAYER FOR RELIEF**

Plaintiffs respectfully pray for the following relief:

A.     That the Court find and declare:

(i)     8 C.F.R. § 1001.1(k), as incorporated into 8 C.F.R. § 1003.102(t), is vague, overbroad, unduly burdensome, and violates the First and Tenth Amendments to the United States Constitution; and

(ii)     To the extent EOIR relies on 8 C.F.R. § 1001(i) and (k), as incorporated into 8 C.F.R. § 1003.102(t), to sanction, purport to sanction, or otherwise discipline Plaintiffs and all other similarly situated attorneys for a) conduct unconnected with any agency

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 15

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

proceeding or b) the provision of limited services related to an agency proceeding in which the attorney has not agreed to represent a client in the proceeding, EOIR violates the First and Tenth Amendments to the United States Constitution;

B. That the Court enter an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, from:

(i) Enforcing the cease-and-desist letter, dated April 5, 2017, from Defendant Barnes and EOIR's Office of General Counsel to NWIRP; and

(ii) Enforcing or threatening to enforce 8 C.F.R. § 1003.102(t); or, in the alternative,

(iii) Enforcing or threatening to enforce 8 C.F.R. § 1003.102(t) against Plaintiffs and all other similarly situated attorneys for a) conduct unconnected with any agency proceeding or b) the provision of limited legal services in which the attorney has not appeared or otherwise agreed to represent a client in an agency proceeding;

C. That EOIR be required to pay to Plaintiffs both the costs of this action and reasonable attorneys' fees incurred by Plaintiffs in pursuing this action, pursuant to 5 U.S.C. § 504, 28 U.S.C. § 2412, and any other statute or other rule of law or equity which permits such an award; and

D. That Plaintiffs be awarded such other, further, and additional relief as the Court deems just and equitable.

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 16

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DATED this 8th day of May, 2017.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Northwest Immigrant Rights Project*

By  s/ *Michele Radosevich*
    Michele Radosevich, WSBA #24282

By   s/ *Jaime Drozd Allen*
    Jaime Drozd Allen, WSBA #35742

By  s/ *James Harlan Corning*
    James Harlan Corning, WSBA #45177

By  s/ *Robert E. Miller*
    Robert E. Miller, WSBA #46507

By  s/ *Laura-Lee Williams*
    Laura-Lee Williams, WSBA #51358

1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail:   micheleradosevich@dwt.com
          jaimeallen@dwt.com
          jamescorning@dwt.com
          robertmiller@dwt.com
          lauraleewilliams@dwt.com

NORTHWEST IMMIGRANT RIGHTS PROJECT

By  s/ *Matt Adams*
    Matt Adams, WSBA #28287

By  s/ *Glenda M. Aldana Madrid*
    Glenda M. Aldana Madrid, WSBA # 46987

By  s/ *Leila Kang*
    Leila Kang, WSBA #48048

615 2nd Avenue, Suite 400
Seattle, WA 98104-2244
Phone: (206) 957-8611
Fax: (206) 587-4025
E-mail:   matt@nwirp.org
          glenda@nwirp.org
          leila@nwirp.org

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF
(Case No. 2:17-cv-00716) – 17

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax