THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST IMMIGRANT RIGHTS PROJECT ("NWIRP"), a nonprofit Washington public benefit corporation; and YUK MAN MAGGIE CHENG, an individual,

Plaintiffs,

v.

JEFFERSON B. SESSIONS III, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;  JUAN OSUNA, in his official capacity as Director of the Executive Office for Immigration Review; and JENNIFER BARNES, in her official capacity as Disciplinary Counsel for the Executive Office for Immigration Review,

Defendants.

No. 2:17-cv-00716

ORDER

This matter comes before the Court on Plaintiffs Northwest Immigrant Rights Project ("NWIRP") and Yuk Man Maggie Cheng's Motion for a Temporary Restraining Order ("TRO").[1]  Dkt. # 2.  The Government opposes the motion.[2]  Dkt. # 14.  The

---

[1] The Court refers to the Plaintiffs collectively as "NWIRP" or "Plaintiffs."
[2] The Court refers to the Defendants collectively as "EOIR" or "the Government."

ORDER-1

Court heard oral argument on May 17, 2017.  For the reasons stated below, the Court GRANTS the motion and enters a TRO with terms as stated at the conclusion of this order.

## I. BACKGROUND

Washington nonprofit Northwest Immigrant Rights Project ("NWIRP") provides free and low-cost legal services to thousands of immigrants each year.  Dkt. # 1.  The Executive Office for Immigration Review ("EOIR"), an office within the Department of Justice ("DOJ"), oversees the adjudication of immigration cases.  *Id.* at ¶ 1.5.  In seeking to improve immigrants' access to legal information and counseling, EOIR provides an electronic list of pro bono legal services providers.  With regard to Washington, EOIR's entire list of recognized pro bono organizations includes one group—the NWIRP.  Dkt. ## 2 at 17, 3 (Warden-Hertz Decl.) at ¶ 4.

In December 2008, EOIR published new rules regulating the professional conduct of attorneys who appear in immigration proceedings.  Specifically, EOIR reserved the right to "impose disciplinary sanctions against any practitioner who . . . [f]ails to submit a signed and completed Notice of Entry of Appearance as Attorney or Representative . . . when the practitioner has engaged in practice or preparation as those terms are defined in §§ 1001.1(i) and (k) . . . ."  8 C.F.R. § 1003.102(t).  The purpose of these amendments was to protect individuals in immigration proceedings by disciplining attorneys when it is within "the public interest; namely, when a practitioner has engaged in criminal, unethical, or unprofessional conduct or frivolous behavior."  Professional Conduct for Practitioners—Rules and Procedures, and Representation and Appearances, 73 Fed. Reg. 76914-01, at *76915 (Dec. 18, 2008).  With these new rules, EOIR sought "to preserve the fairness and integrity of immigration proceedings, and increase the level of protection afforded to aliens in those proceedings . . . ."  *Id.*

NWIRP recognizes the importance of attorney accountability, especially in the immigration context.  Indeed, NWIRP became an ally to EOIR in its efforts to combat

ORDER-2

"notario fraud." Dkt. # 1 (Complaint) at ¶ 3.12. However, NWIRP also recognizes that section 1003.102(t) has harmful consequences because NWIRP does not have the resources to undertake full representation of each potential client. *Id.* at ¶¶ 3.5, 3.21-3.23. Accordingly, NWIRP alleges that it "met with the local immigration court administrator to discuss" the rule's impact and "agreed that it would notify the court when it assisted with any pro se motion or brief by including a subscript or other clear indication in the document that NWIRP had prepared or assisted in preparing the motion or application." *Id.* at ¶ 3.11.

Nearly nine years after promulgating the rule, EOIR sent a cease and desist letter to NWIRP asking the nonprofit to stop "representing aliens unless and until the appropriate Notice of Entry of Appearance form is filed with each client that NWIRP represents." *Id.* at ¶ 3.14. EOIR's letter acknowledged that the disputed forms on which NWIRP assisted "contained a notation that NWIRP assisted in the preparation of the *pro se* motion." Dkt. # 1-1.

NWIRP filed suit against EOIR, among others, seeking injunctive relief from the enforcement of section 1003.102(t). *See, generally*, Dkt. # 1 (Complaint). In moving for a temporary restraining order, NWIRP seeks to maintain the status quo until the parties can be heard on a motion for preliminary injunction. Dkt. # 21; *see also Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty*, 415 U.S. 423, 439 (1974). EOIR responds by denying that it has violated any constitutional rights by promulgating and enforcing its own rules. *See, generally*, Dkt. # 14. EOIR opposes the issuance of any injunctive relief. *Id*.

## II. LEGAL STANDARD

To obtain preliminary injunctive relief, NWIRP must "establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 55 U.S. 7,

ORDER-3

20 (2008).  The standard for a temporary restraining order is substantially the same. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical").

The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions, according to which the four elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Within this "sliding scale" approach lays the "serious question" test: "a preliminary injunction could issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *Id*. at 1131 (citations omitted).  However, to succeed under the "serious question" test, a plaintiff must show that it is likely to suffer irreparable harm and an injunction is in the public interest.  *Id*. at 1132.

Regardless of the test used, the burden is on the moving party to show that such extraordinary relief is warranted.  *Winter*, 555 U.S. at 22.

**III.    DISCUSSION**

The Court finds that NWIRP has satisfied the standards described above—both those outlined in *Winter* and in the "serious question" test—and this Court should issue a TRO.  NWIRP has shown that it is likely to succeed on the claims that entitle it to relief; NWIRP has already suffered and is likely to continue suffering irreparable harm in the absence of temporary injunctive relief; the balance of the equities tips in NWIRP's favor; and granting this TRO is in the public interest.  Alternatively, NWIRP has at least presented serious questions that go to the merits of its claims, and, as the Court previously noted, NWIRP satisfies the remaining *Winter* elements.

The Court finds that NWIRP met its burden to show that it is immediately and irreparably harmed, and will continue to be so harmed, as a result of EOIR's enforcement of 8 C.F.R. § 1003.102(t) against NWIRP attorneys. NWIRP's

ORDER-4

constitutional rights are violated by EOIR's potentially targeted enforcement of section 1003.102(t). These harms are significant and ongoing, and the Court therefore finds that entering this TRO against the Government is necessary to maintain the status quo until such time as the Court may hear and decide the matter of a preliminary injunction.

**IV.    TEMPORARY RESTRAINING ORDER**

1. Plaintiffs' Motion for a Temporary Restraining Order (Dkt. # 2) is GRANTED.

2. Defendants Jefferson B. Sessions III, the United States Department of Justice, the Executive Office for Immigration Review, Juan Osuna, and Jennifer Barnes, and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are hereby ENJOINED and RESTRAINED from

   (a) Enforcing the cease-and-desist letter, dated April 5, 2017, from Defendant Barnes and EOIR's Office of General Counsel to NWIRP; and

   (b) Enforcing or threatening to enforce 8 C.F.R. § 1003.102(t) against Plaintiffs and all other attorneys under their supervision or control, or who are otherwise associated with them.

3. Counsel for the Government represented during the hearing on the TRO that it desired to continue issuing cease and desist letters to non-profit organizations providing legal services to immigrants. As such, the Court grants this TRO on a nationwide basis. Therefore, the Court prohibits the enforcement of 8 C.F.R. § 1003.102(t) during the pendency of this TRO on a nationwide basis.

4. No security bond is required under Federal Rule of Civil Procedure 65(c).

5. The parties shall, within 2 days of this Order, propose a briefing schedule and noting date with respect to Plaintiffs' forthcoming motion for a preliminary injunction. At that time, the Court may schedule a hearing on Plaintiffs' motion for a preliminary injunction, if necessary, following receipt of the parties' briefing.

ORDER-5

6. This temporary restraining order shall remain in effect until the Court rules on Plaintiffs' motion for a preliminary injunction.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for a Temporary Restraining Order.  Dkt. # 2.

Dated this 17th day of May, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER-6