HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST IMMIGRANT
RIGHTS PROJECT, et al.,

　　　　　　Plaintiffs,

　　v.

JEFFERSON B SESSIONS, III, et al.,

　　　　　　Defendants.

CASE NO. C17-716 RAJ

ORDER

　　This matter comes before the Court on Defendants' Motion to Stay Discovery. Dkt. # 69.  Plaintiffs oppose the motion.  Dkt. # 71.  For the reasons that follow, the Court **DENIES** the motion.

　　The facts of this case are detailed in the Court's prior orders and will not be reiterated here.  At issue now is whether the Court will stay discovery pending the outcome of Defendants' motion to dismiss.  Dkt. # 67.

　　The Court has broad discretion to control discovery.  *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  Upon a showing of good cause, the Court may limit or deny discovery.  Fed. R. Civ. P. 26(c).  A court may relieve a party from the burdens of discovery while a dispositive motion is pending, but this is the

ORDER- 1

exception and not the rule. *See Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (finding that the district court did not abuse its discretion in staying discovery pending the resolution of a Rule 12(b) motion); *cf. Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (finding that a motion to dismiss is not grounds for staying discovery, and leniently allowing stays pending these motions is "directly at odds with the need for expeditious resolution of litigation.").

Defendants seek a stay of discovery because (1) they claim that discovery is not necessary for Plaintiffs' facial challenges, (2) they argue that the Court's decision on the pending motion to dismiss will naturally narrow the scope of discovery, (3) Plaintiffs' discovery requests are "complex and far-reaching," and (4) this discovery poses a large burden on an overextended immigration system. Dkt. # 69.

This is a close case. On the one hand, the Government's justifications are largely theoretical and speculative in nature. On the other hand, Plaintiffs are not prejudiced in light of the injunction that remains in place. *See U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, No. 13-cv-02009-TWP-MJD, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015) (in analyzing "good cause," courts may explore "whether the stay will prejudice the non-movant"). Critically, however, the order on the preliminary injunction in this matter has alerted the parties to the possibility that at least some of Plaintiffs' claims have the potential to succeed on their merits and therefore will require the parties to engage in discovery as they proceed through litigation.[1]

In balancing the evidence, the Court finds that Defendants failed to show that good cause exists to stay discovery pending the resolution of the motion to dismiss. The same analysis applies to the Defendants' alternative request to stay discovery pending the

---

[1] This is not to say that Plaintiffs' discovery requests are appropriate in their current form. The Court is inclined to agree with Defendants that some of the requests may be too broad. However, staying discovery is not the proper course of action to resolve those potential issues.

ORDER- 2

1  Court's issuance of a Rule 16 Scheduling Order.  Accordingly, the Court **DENIES**
2  Defendants' Motion. Dkt. # 69.
3      Dated this 18th day of September, 2017.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER- 3