HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST IMMIGRANT
RIGHTS PROJECT, et al.,

Plaintiffs,

v.

JEFFERSON B SESSIONS, III, et al.,

Defendants.

CASE NO. C17-716 RAJ

ORDER

**I.      INTRODUCTION**

This matter comes before the Court on the Government's Motion to Dismiss. Dkt. # 67. Plaintiffs Northwest Immigrant Rights Project ("NWIRP") and Yuk Man Maggie Cheng (collectively, "Plaintiffs") oppose the motion. Dkt. # 75. Having considered the pleadings[1] and balance of the record, the Court finds oral argument unnecessary. For the

---

[1] The Court strongly disfavors footnoted legal citations. Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014). The Court strongly discourages the parties from footnoting their legal citations in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

ORDER- 1

reasons set forth below, the Court **GRANTS in part and DENIES in part** the Government's motion.

## II. BACKGROUND

On July 27, 2017, the Court entered a preliminary injunction barring the Government from enforcing 8 C.F.R. § 1003.102(t) ("the Regulation") on a nation-wide basis. Dkt. # 66. In its Order, the Court detailed the likelihood that Plaintiffs would succeed on the merits of their as-applied First Amendment challenge but showed skepticism that Plaintiffs would succeed on their remaining claims. *Id.* The Government now moves the Court to dismiss all Plaintiffs' constitutional challenges to the Regulation.

## III. LEGAL STANDARD

### A. FRCP 12(b)(1)

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject-matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

**B. FRCP 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**IV. DISCUSSION**

**A. Statute of Limitations**

The Government cites 28 U.S.C. § 2401(a) for the principal that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Dkt. # 67 at 20; 28 U.S.C.A. § 2401(a). The Government argues that Plaintiffs are barred from bringing facial challenges to the constitutionality of the Regulation because they filed the Complaint more than six years after the Regulation was adopted. Dkt. # 67 at 20-21.

The Ninth Circuit has "express[ed] serious doubts that a facial challenge under the First Amendment can ever be barred by a statute of limitations." *Maldonado v. Harris*,

370 F.3d 945, 955 (9th Cir. 2004) (citing *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1168 (4th Cir. 1991). This Court joins the large number of other courts that find that the "statute of limitations does not apply to the facial challenge of a statute that infringes First Amendment freedoms as such a statute inflicts a continuing harm." *Napa Valley Publ'g Co. v. City of Calistoga*, 225 F. Supp. 2d 1176, 1184 (N.D. Cal. 2002). Accordingly, the statute of limitations does not bar Plaintiffs from bringing a facial challenge under the First Amendment.

Neither are Plaintiffs barred in this case from alleging a facial challenge under the Tenth Amendment. The statute of limitations did not begin to run when the Regulation was adopted, as the Government argues is the case. If the Court entertained the Government's line of reasoning, then any statute or regulation that has been around for more than six years would be insulated from a facial challenge. *Scheer v. Kelly*, 817 F.3d 1183, 1188 (9th Cir. 2016). This cannot be how section 2401 operates. Instead, the statute begins running when "the right of action first accrues." 28 U.S.C. § 2401(a). This coincides with "when a plaintiff 'knows or has reason to know of the actual injury.'" *Scheer*, 817 F.3d at 1188 (quoting *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008)).

Plaintiffs allege that when the Regulation was adopted, "NWIRP agreed that it would notify the court when it assisted with any pro se motion or brief by including a subscript or other clear indication . . . that NWIRP had prepared or assisted in preparing the motion or application." Dkt. # 1 (Complaint) at ¶ 3.11. "This convention was accepted[.]" *Id*. As such, Plaintiffs had no reason to know of an actual injury until they received the cease and desist letter on April 13, 2017. Plaintiffs filed suit well within six years of the letter. Therefore, section 2401 does not bar Plaintiffs from bringing their facial challenge under the Tenth Amendment.

## B. First Amendment

Plaintiffs have stated claims for facial and as-applied challenges under the First Amendment. In its prior Order, the Court offered in great detail why Plaintiffs as-applied First Amendment challenge is likely to succeed. *See* Dkt. # 66 at 5-12.[2] The Court finds those determinations relevant and controlling in light of the parties' pleadings on this motion. To the extent the Government wishes the Court to reconsider those conclusions, the Court declines. However, the Court will address any new arguments put forth by the Government in their current motion.

### 1. The Government's nonpublic forum argument

The Government argues that the Court should read the Regulation as only affecting in-court speech, whether spoken or written. Dkt. # 67 at 21-24. This is a new interpretation of the Regulation; redrafting Regulations to make them constitutionally sound is not in the purview of the federal courts.

The Regulation requires attorneys to assume full representation if they have engaged in practice or preparation. 8 C.F.R. § 1003.102(t). "Preparation" is subsumed into "practice," and, despite the Government's new, narrowed approach, includes more than just in-court speech. If the Regulation were as simple as the Government contends it to be, it would clearly advise attorneys that they must file a notice of appearance if they are appearing before the court, whether in person or through briefing.[3] But the Regulation is not so confined, which was evidenced by the Government during the

---

[2] Plaintiffs urge the Court to use the law of the case doctrine to uphold its prior determinations. Dkt. # 75 at 11. Though the Court found that Plaintiffs' as-applied First Amendment challenge was likely to succeed on the merits, it did not find similarly for any of the remaining claims. But Plaintiffs do not concede that the Court should uphold the unfavorable findings under the same doctrine. Instead, Plaintiffs argue that those unfavorable findings could be reversed here because "the fact that the Court did not grant preliminary injunction on [those claims] is not dispositive." *Id.* at 27. This line of argument is disingenuous; Plaintiffs cannot have it both ways.

[3] This kind of clear language would make the Regulation similar to Rule 11, which the Government cites as a model for the Regulation. *See* Dkt. # 67 at 27.

hearing on Plaintiffs' request for a preliminary injunction. Dkt. # 70 at 37 (in response to the Court's hypothetical examples, the Government stated the "these are fact-specific questions that Jenny Barnes and the attorneys that work with her would be responsible for."); *see also id.* at 38 (responding that "you kind of have to see it to know when it crosses the line."). The Regulation's terms are broad and vague such that attorneys cannot decipher exactly when they have triggered the notice of appearance requirement.

The Court finds that the Regulation affects more than just in-court statements, and results in chilling Plaintiffs' speech.[4] Moreover, the Court finds that a narrowing construction is not feasible where the target of the Regulation—specifically, what exactly the Government views to be "auxiliary activities" or "incidental preparation of papers"—is always shifting. It appears, in this specific case and at this early stage in litigation, that an attempt to narrow the Regulation would amount to rewriting the Regulation. *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 397 (1988) (finding that "the statute must be 'readily susceptible' to the limitation; we will not rewrite a state law to conform it to constitutional requirements."); *see also Foti v. City of Menlo Park*, 146 F.3d 629, 639 (9th Cir. 1998), *as amended on denial of reh'g* (July 29, 1998) ("Although we must consider the City's limiting construction of the ordinance, we are not required to insert missing terms into the statute or adopt an interpretation precluded by the plain language of the ordinance."). Accordingly, the Court finds that Plaintiffs have successfully alleged in their Complaint both an as-applied and facial challenge under the First Amendment.

**C. Tenth Amendment**

In its prior Order, the Court detailed why Plaintiffs are unlikely to succeed on their Tenth Amendment claims. Dkt. # 66 at 12-13. The Court finds that its analysis remains appropriate in light of the parties' pleadings on the motion to dismiss. To the extent that

---

[4] The Court was not asked to find that Plaintiffs have a First Amendment right to assume limited representation in immigration cases. As such, the Court makes no such determination.

ORDER- 6

Plaintiffs wish the Court to reconsider those determinations, it declines. However, the Court will address any new arguments that Plaintiffs make in favor of their Tenth Amendment claims.

Plaintiffs aver that the Regulation "is *not* limited to conduct that constitutes 'practice before' the agency" and therefore the Government exceeded its authority in adopting this rule. Dkt. # 75 at 27. Plaintiffs further argue that the issue before the Court is not whether Washington's professional conduct rules interfere with the Government's professional conduct rules. *Id.* at 28. The Court disagrees. Plaintiffs conflate their First and Tenth Amendment claims when they argue that the Regulation extends to conduct beyond the agency. EOIR may regulate the conduct of attorneys appearing before it, and it did so by promulgating the Regulation. Accordingly, the Regulation is aimed at those who are practicing in the federal immigration courts. Whether the Regulation offends the First Amendment is a separate issue from whether it offends the Tenth Amendment. As to the former, this litigation will continue, as to the latter, the Court finds that Plaintiffs failed to state such a claim.

V. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Government's motion. Dkt. # 67.

Dated this 19th day of December, 2017.

The Honorable Richard A. Jones
United States District Judge