The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST IMMIGRANT RIGHTS PROJECT ("NWIRP"), a nonprofit Washington public benefit corporation; and YUK MAN MAGGIE CHENG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM P. BARR, in his official capacity as Acting Attorney General of the United States; et al.,<br><br>Defendants. | No. 2:17-cv-00716-RAJ<br><br>NOTICE OF SETTLEMENT AND FILING OF SETTLEMENT AGREEMENT |

Plaintiffs, Northwest Immigrant Rights Project ("NWIRP") and Yuk Man Maggie Cheng, respectfully file this Notice of Settlement with the Court and attach as Exhibit A the fully executed Settlement Agreement signed by Plaintiffs and Defendants.

//

//

//

//

NOTICE OF SETTLEMENT AND FILING OF SETTLEMENT AGREEMENT
(No. 2:17-cv-00716-RAJ) - 1
4837-7820-8404v.1 0201148-000002

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1 | DATED this 17th day of April, 2019.

2

3 | DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs Northwest Immigrant Rights Project and Yuk Man Maggie Cheng*

4

5 | By: *s/ Jaime Drozd Allen*
Michele Radosevich, WSBA #24282
Jaime Drozd Allen, WSBA #35742
James Harlan Corning, WSBA #45177
Robert E. Miller, WSBA #46507
Laura-Lee Williams, WSBA #51358
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail:  micheleradosevich@dwt.com
           jaimeallen@dwt.com
           jamescorning@dwt.com
           robertmiller@dwt.com
           lauraleewilliams@dwt.com

NORTHWEST IMMIGRANT RIGHTS PROJECT
Matt Adams, WSBA #28287
Glenda M. Aldana Madrid, WSBA #46987
Leila Kang, WSBA #48048
615 Second Avenue, Suite 400
Seattle, WA 98104-2244
Phone: (206) 957-8611
Fax: (206) 587-4025
E-mail:  matt@nwirp.org
           glenda@nwirp.org
           leila@nwirp.org

NOTICE OF SETTLEMENT AND FILING OF SETTLEMENT AGREEMENT
(No. 2:17-cv-00716-RAJ) - 2
4837-7820-8404v.1 0201148-000002

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 17th day of April, 2019.

*s/ Jaime Drozd Allen*
Jaime Drozd Allen, WSBA #35742

NOTICE OF SETTLEMENT AND FILING OF SETTLEMENT AGREEMENT
(No. 2:17-cv-00716-RAJ) - 3
4837-7820-8404v.1 0201148-000002

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# Exhibit A

Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST IMMIGRANT RIGHTS PROJECT ("NWIRP"), a nonprofit Washington Public benefit corporation; and YUK MAN MAGGIE CHENG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM P. BARR, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; JAMES MCHENRY, in his official capacity as Director of the Executive Office for Immigration Review; and PAUL RODRIGUES, in his official capacity as Disciplinary Counsel for the Executive Office for Immigration Review,[1]<br><br>Defendants. | Case No. 2:17-cv-00716<br><br>SETTLEMENT AGREEMENT |

---

[1] Under Rule 25(d) of the Federal Rules of Civil Procedure, William P. Barr, the Attorney General of the United States is substituted for Jefferson B. Sessions III, and Paul Rodrigues, the current Disciplinary Counsel for the Executive Office for Immigration Review, is substituted for former Disciplinary Counsel Jennifer Barnes.

Plaintiffs, the Northwest Immigrant Rights Project ("NWIRP") and Yuk Man Maggie Cheng, and Defendants, William P. Barr, in his official capacity as Attorney General of the United States; the United States Department of Justice; the Executive Office for Immigration Review ("EOIR"); James McHenry, in his official capacity as Director of EOIR; and Paul Rodrigues, in his official capacity as Disciplinary Counsel for the Executive Office for Immigration Review (collectively, "Parties"), hereby agree as follows:

WHEREAS, on May 8, 2017, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief against Defendants in *Northwest Immigrant Rights Project et al. v. Sessions et al.*, No. 2:17-cv-00716 (W.D. Wash.) (the "Lawsuit" or "Litigation"), challenging Defendants' application of 8 C.F.R. § 1003.102(t) ("Rule 102(t)");

WHEREAS, on May 8, 2017, Plaintiffs filed a Motion for Temporary Restraining Order barring Defendants from enforcing Rule 102(t) on a nationwide basis.

WHEREAS, on May 17, 2017, the Court entered a Temporary Restraining Order barring, among other things, the Defendants from "(a) [e]nforcing the cease-and-desist letter, dated April 5, 2017 . . .; and (b) [e]nforcing or threatening to enforce 8 C.F.R. § 1003.102(t) against Plaintiffs and all other attorneys under their supervision or control, or who are otherwise associated with them."  The Court also "prohibit[ed] the enforcement of 8 C.F.R. § 1003.102(t) during the pendency of this TRO on a nationwide basis."

WHEREAS, on July 27, 2017, the Court in this Lawsuit entered a preliminary injunction enjoining and restraining Defendants from:

"(a) enforcing the cease and desist letter, dated April 5, 2017, from Defendant Barnes and EOIR's Office of General Counsel to NWIRP; and

(b) enforcing or threatening to enforce 8 C.F.R. § 1003.102(t) against Plaintiffs and all other attorneys under their supervision or control, or who are otherwise associated with them."  The Court further ordered that "[t]he Preliminary Injunction is granted on a nationwide basis as to any other similarly situated non-profit organizations who, like NWIRP, self-identify and

SETTLEMENT AGREEMENT
(Case No. 2:17-cv-716)

-2-

P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

4814-2732-6099v.4 0201148-000002

disclose their assistance on *pro se* filings," and "prohibit[ed] the enforcement of 8 C.F.R. § 1003.102(t) during the pendency of this preliminary injunction on a nationwide basis."

WHEREAS, on December 19, 2017, the Court denied Defendants' Motion to Dismiss Plaintiff's First Amendment claims and granted Defendants' Motion to Dismiss Plaintiffs' Tenth Amendment claims;

WHEREAS, an amendment of Rule 102(t), the regulation that is the primary subject of this Litigation, could render further litigation of this matter unnecessary under the terms of this settlement;

WHEREAS, the Parties seek to reach an agreement that would permit Defendants reasonable time to proceed with Rule Making in order to attempt to amend Rule 102(t);

WHEREAS, Defendants deny all liability with respect to this Lawsuit, deny that they have engaged in any wrongdoing, deny the allegations in the Complaint, deny that they committed any violation of law, deny that they acted improperly in any way, and deny liability of any kind to the Plaintiffs, but have agreed to settle this Lawsuit in order to: (i) avoid the substantial expense, inconvenience, and distraction of further protracted litigation; and (ii) take actions that would potentially terminate this Lawsuit;

WHEREAS, the Parties participated in arm's-length negotiations regarding a compromise and settlement of this Lawsuit, including participating in a settlement conference with United States Magistrate Judge Mary Alice Theiler, in order to settle all matters in dispute;

WHEREAS, the Parties acknowledge the benefits and risks of continuing on with litigation and conclude that a settlement, as provided herein, is in each party's respective best interest;

THEREFORE, it is hereby STIPULATED AND AGREED, by and among the Parties, through their respective attorneys, in consideration of the benefits flowing from the Agreement to the Parties, that the Plaintiffs' claims in this Lawsuit shall be compromised, settled, and forever released, barred, and dismissed with prejudice, upon and subject to the following terms and conditions:

SETTLEMENT AGREEMENT
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

-3-

4814-2732-6099v.4 0201148-000002

...

...

## I. DEFINITIONS

Wherever used in this Agreement, the following terms are defined as follows:

A. "Notice of Proposed Rule Making" or "NPRM" shall refer to any notice issued in accordance with 5 U.S.C. § 553(b).

B. "Rule 102(t)" shall refer to 8 C.F.R. § 1003.102(t), as it exists on the date this Agreement was signed.

C. "Agreement" or "Settlement Agreement" means this document.

D. "Rule Making" shall refer to the agency process for considering, formulating, amending, or repealing a rule.

E. "Practitioner" shall refer to individuals authorized to practice before EOIR's immigration court or the Board of Immigration Appeals as permitted by 8 C.F.R. § 1292.1.

## II. U.S. DEPARTMENT OF JUSTICE RULE MAKING

A. Defendants agree that the U.S. Department of Justice ("DOJ") will engage in the federal Rule Making process with the aim of amending Rule 102(t), the regulation that is the primary subject of this Litigation.

B. DOJ will follow processes and procedures consistent with the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and/or any statutory or constitutional provision that governs the process by which Rule 102(t) may be amended.

C. The Parties acknowledge that during Rule Making, Plaintiffs will have a statutory right under the APA to comment on any NPRM published by the DOJ in the Federal Register. Plaintiffs may, if they so choose, exercise these rights. Nothing in this Agreement shall be construed to enlarge or restrict any right Plaintiffs may have to participate in the Rule Making. Conversely, nor do Plaintiffs have any obligation or expectation to exercise these rights.

SETTLEMENT AGREEMENT
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

-4-

4814-2732-6099v.4 0201148-000002

**III. AGREEMENT TO STAY PROCEEDINGS DURING RULE MAKING**

A. In order to facilitate Defendants' Rule Making, the Parties agree that they will jointly seek an order from the Court staying all proceedings for nine (9) months, pending DOJ's publication of an NPRM in the Federal Register ("Publication Period"). The Parties recognize that the Court is not obligated to enter a stay of proceedings. If the Court declines to enter a stay, the provisions of this Agreement are null and void and the Parties may agree at each party's discretion to a different amount of time for Defendants to publish an NPRM, or proceed with litigation.

B. If Defendants have not published an NPRM 28 days before the conclusion of the Publication Period set forth in Section III.A, the Parties shall meet and confer in good faith no later than 14 days before the conclusion of that period to discuss the status of the NPRM and a proposed course of action. In these discussions, the Parties will discuss whether DOJ is likely to publish an NPRM, when that might occur, and whether to seek an additional stay of proceedings pending publication of an NPRM, or to resume litigation before the Court.

    1. If Plaintiffs agree at that time, the Parties shall jointly move the Court for an additional stay of no longer than 90 days ("First Extension Period"). At the conclusion of the First Extension Period, if Plaintiffs agree, the Parties may agree to seek a further stay of proceedings not longer than 30-days ("Second Extension Period") for publication of an NPRM, and to file a corresponding joint motion with the Court. If the Court does not enter a stay after either the First Extension Period or Second Extension Period, the Parties may seek to amend the additional time sought by agreement.

    2. If the Parties fail to reach an agreement on the course of action after the meet-and-confer described in the introductory paragraph of Section III.B., the stay before the Court shall be lifted and the Parties will proceed with litigation.

SETTLEMENT AGREEMENT
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

-5-

4814-2732-6099v.4 0201148-000002

|   |   |   |
|---|---|---|
| | 3. | If at any time Defendants inform Plaintiffs that DOJ is unlikely to publish an NPRM to repeal or amend Rule 102(t) in accordance with the terms of this agreement, within fourteen (14) days of such notice, the Parties will inform the Court and recommend an appropriate case schedule to continue litigation. |
| C. | | Upon issuance of an NPRM within the Publication Period or within the First Extension Period or Second Extension Period provided for in Sections III.A and B, the Parties shall notify the Court, and jointly move for extension of the stay in order to facilitate the conclusion of Rule Making.  After issuance of an NPRM, the Parties agree to seek to extend the stay through the comment period and for four (4) months following the close of the comment period ("Rule Enacting Period"). |
| D. | | If Defendants have not published a final rule 28 days before the end of the Rule Enacting Period set forth in Section III.C, the Parties shall meet and confer in good faith no later than fourteen (14) days before the conclusion of that period to discuss the status of the final rule and a proposed course of action.  In these discussions, the Parties will discuss, among other things, whether DOJ is likely to publish a final rule that achieves the standards set forth herein (*see* Section IV(A)), and whether to extend the stay of proceedings pending publication of a rule, or to resume litigation before the Court. |
| | 1. | If the Parties agree that publication of a final rule that achieves the standards set forth herein (*see* Section IV(A)) appears likely, the Parties shall jointly move the Court for an additional stay of no longer than 30 days ("Supplemental Rule Enacting Period"). |
| | 2. | If the Parties fail to reach an agreement on the course of action after the meet-and-confer described in the introductory paragraph of Section III.D., the stay before the Court shall be lifted and the Parties will proceed with litigation. |
| | 3. | If at any time following issuance of the NPRM, Defendants inform Plaintiffs that DOJ is unlikely to publish a final rule that achieves the standards set forth in |

SETTLEMENT AGREEMENT  
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station  
Washington, D.C. 20044  
(202) 305-7181

-6-

4814-2732-6099v.4 0201148-000002

Section IV.A, within fourteen (14) days of such notice, the Parties will inform the Court and recommend an appropriate case schedule to continue the litigation.

## IV.   ISSUANCE OF FINAL RULE; EFFECT ON CLAIMS.

A.   Plaintiffs agree to dismiss their Lawsuit if, at the conclusion of Rule Making, DOJ issues a final rule that repeals Rule 102(t) or takes other agency action that is consistent with, or achieves the following:

   1. Elimination of disciplinary consequences presently associated with Rule 102(t) for a Practitioner failing to file a notice of appearance if the scope of the representation is limited to preparing, drafting, or filing pleadings, briefs, or other documents (collectively, "Pleadings") on behalf of an individual in a proceeding before one of EOIR's immigration courts or the Board of Immigration Appeals ("BIA").  Consistent with the foregoing, a Practitioner is not prohibited from preparing, drafting, or filing pleadings before one of EOIR's immigration courts or the BIA without entering a notice of appearance that could commit the Practitioner to representation beyond those specific pleadings.

   2. Clarification that a Practitioner will not be required to enter a notice of appearance for any actions or conduct other than preparing of a Pleading for filing with one of EOIR's immigration courts or the BIA, or an in-person appearance before one of EOIR's immigration courts or the BIA.  No notice of appearance will be required based on conduct by a Practitioner that occurs prior to the filing of a Pleading or that does not constitute an in-person appearance before an EOIR immigration courts or the BIA.

   3. The final rule may require Practitioners who prepare or draft Pleadings that are ultimately filed with one of EOIR's immigration courts or the BIA, to identify themselves either on the filed documents themselves or potentially via a new or amended government form, and may subject Practitioners to possible disciplinary

SETTLEMENT AGREEMENT  
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station  
Washington, D.C. 20044  
(202) 305-7181

-7-

4814-2732-6099v.4 0201148-000002

consequences for failing to comply with such requirement. Such identification, however, will be limited to the Practitioner's name, EOIR number and/or bar number, phone number, and a statement that the Practitioner's representation is limited to that specific Pleading. Consistent with Paragraph IV.A.2, the potential identification requirements discussed in this paragraph will not apply to a Practitioner whose actions or conduct does not result in the filing of a Pleading with one of EOIR's immigration courts or the BIA, or an in-person appearance before one of EOIR's immigration courts or the BIA.

4. The final rule would not limit a Practitioner's good faith compliance with the conditions and limitations set forth in Paragraphs 1 through 3 of this section, nor discipline a Practitioner on account of the number of pleadings filed in a single case. The final rule, however, may clarify how a Practitioner, despite technical compliance with the conditions and limitations described in Paragraphs 1 through 3 of this section, could engage in conduct that may be in violation of the existing Rules of Professional Conduct.

B. Upon issuance of a final rule consistent with Section IV.A, the Parties shall be deemed to have fully, finally, and forever released, relinquished, and discharged one another of and from any and all claims, counterclaims, or defenses that they brought or could have brought in the Lawsuit. For clarification, the Parties' mutual release in the preceding sentence does not impact their ability to bring any defenses against one another in subsequent, unrelated disputes. The Parties shall file a Joint Stipulation for the Dismissal ("Stipulated Dismissal") of this litigation with prejudice and without fees or costs, except as otherwise agreed-upon herein in Section IX, within 14 days of issuance of the final rule.

SETTLEMENT AGREEMENT
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

-8-

4814-2732-6099v.4 0201148-000002

V. **PLAINTIFFS' OBLIGATIONS**

A. Plaintiff NWIRP agrees to the following obligations as a compromise to advance this Settlement Agreement only and does not concede any independent obligation to undertake these obligations otherwise, or that any similarly situated organization would be required to undertake these obligations. Plaintiff NWIRP agrees that within 14 days after the signing of this Agreement, NWIRP will direct its Practitioners to provide the following information on Pleadings filed with EOIR's immigration courts and the BIA in cases where they provided assistance drafting the Pleadings to a respondent appearing *pro se*:

    a. Practitioner's Name;

    b. Phone number;

    c. Bar and/or EOIR number; and

    d. A statement stating " *[Practitioner's] appearance in this matter is limited to preparation of this pleading.*"

B. The Plaintiffs' obligation under Section V shall terminate if DOJ issues a final rule consistent with Section IV.A or at the conclusion of the stay period described in Section III.

VI. **LIABILITY UNDER RULE 102(T)**

A. Defendants agree not to take any further disciplinary action against Plaintiffs based on any violations of Rule 102(t) that may have taken place at any point prior to the signing of this Agreement. *See* ECF No. 66.

B. Nothing in this Agreement shall be construed to limit or otherwise restrict Defendants' discretion to investigate or take any disciplinary action against Plaintiffs on any other basis under the disciplinary regulations other than Rule 102(t). Similarly, nothing in this Agreement shall be construed to limit or otherwise restrict Plaintiffs' defenses to any such investigation or disciplinary action. Furthermore, nothing in this Agreement shall

SETTLEMENT AGREEMENT
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

-9-

4814-2732-6099v.4 0201148-000002

be construed or interpreted to limit or otherwise restrict Defendants' ability to work or cooperate with any federal, state, or local bar regulators or law enforcement regarding Plaintiffs' conduct.

### VII. AGENCY RETENTION OF DISCRETION

A. Nothing in the terms of this Agreement shall be construed to limit or modify the discretion accorded to the United States Department of Justice or the Executive Office for Immigration Review by the Immigration and Nationality Act, the Administrative Procedure Act, the United States Constitution, or by general principles of administrative law. Consistent with the exercise of this discretion, Defendants are not to be considered in breach of this Agreement if Rule Making does not result in an NPRM, a final rule, or results in a final rule that is in any way inconsistent with Section IV.A.1-3 of this Agreement.

B. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that Defendants obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341.

C. Nothing in the terms of this Agreement shall be construed to limit Defendants' authority to alter, amend, or revise any final rule that DOJ may issue pursuant to this Agreement or to promulgate superseding regulations or guidance.

### VIII. NO ADMISSION OF WRONGDOING.

This Agreement, whether or not executed, and any proceedings taken pursuant to it:

A. Shall not be construed to waive, reduce, or otherwise diminish the authority of the Defendants to enforce the laws of the United States against Plaintiffs, consistent with the Constitution and laws of the United States, and applicable regulations.

B. Shall not be offered or received against Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the

SETTLEMENT AGREEMENT  
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station  
Washington, D.C. 20044  
(202) 305-7181

-10-

4814-2732-6099v.4 0201148-000002

Defendants of the truth of any fact alleged by the Plaintiffs or the validity of any claim that had been or could have been asserted in the action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the action, or of any liability, negligence, fault, or wrongdoing of the Defendants; or any admission by the Defendants of any violations of, or failure to comply with, the Constitution, laws or regulations.

C. Shall not be offered or received against the Parties as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Agreement, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that Defendants may refer to it and rely upon it to effectuate the liability protection granted to them under the Agreement.

## IX. ATTORNEYS' FEES

A. In order to settle and resolve Plaintiffs' claims to attorneys' fees and costs, including claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, Defendants agree to pay Plaintiffs the sum of $380,000 in attorneys' fees and costs subject to the provisions of Section IX herein ("Attorneys' Fees Settlement Amount").

B. Defendants obligation to pay the Attorneys' Fees Settlement Amount is triggered only upon the occurrence one of the following:

  1. The filing of a Stipulated Dismissal pursuant to Section IV.B of this Agreement; or

  2. This Lawsuit is dismissed with prejudice due to the issuance of a Final Rule that moots Plaintiffs' claims in this lawsuit.

C Defendants shall pay to Plaintiffs the Attorneys' Fees Settlement Amount within thirty (30) days of dismissal with prejudice under Section IX.B.

SETTLEMENT AGREEMENT  
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station  
Washington, D.C. 20044  
(202) 305-7181

-11-

4814-2732-6099v.4 0201148-000002

D.  Defendants' payment of the Attorneys' Fees Settlement Amount shall satisfy any claims by Plaintiffs or their counsel to attorney fees and costs related to the litigation.  Plaintiffs, Plaintiffs' Counsel, and their heirs, executors, administrators, representatives, attorneys, predecessors, successors, assigns, agents, affiliates, and partners, and any persons they represent, fully, finally, and forever release, relinquish and discharge the Defendants of and from any and all claims for attorney fees and costs related to and for the litigation, including any fees and costs that may be incurred after the signing of this Agreement.

E.  If Defendants obligation to pay the Attorneys' Fees Settlement Amount is not triggered under Section IX.B, Plaintiffs reserve all rights to seek payment of their attorneys' fees and costs from Defendants, including attorneys' fees and costs incurred both before and after the signing of this Agreement.  If Defendants' obligation is not triggered by Section IX.B, Defendants do not waive any arguments or defenses against any other claim for attorneys' fees and costs that Plaintiff may bring, nor should this Agreement be construed as a concession or admission of liability for payment of attorneys' fees and costs in any scenario not described under Section IX.B of this agreement.

X.  **DISPUTE RESOLUTION; CONFIDENTIALITY**

A.  The Parties agree that they will seek to resolve any dispute regarding a breach of this Agreement informally as set forth herein.  However, if a dispute cannot be resolved informally, the following procedures shall apply:

  1.  Counsel shall notify counsel for the opposing party in writing and request that counsel meet and confer.  The Parties shall have 14 days from the date of said notice to attempt to arrive at an amicable resolution of the dispute.

  2.  Upon mutual agreement of the Parties and with the consent of Magistrate Judge Mary Alice Theiler, the Parties may refer any unresolved dispute to Magistrate Judge Theiler to attempt to mediate the dispute.

SETTLEMENT AGREEMENT                                            P.O. Box 868 Ben Franklin Station
(Case No. 2:17-cv-716)                                                    Washington, D.C. 20044
                                                                                    (202) 305-7181
-12-

4814-2732-6099v.4 0201148-000002

    3.    If one of the parties do not agree to go through mediation, or should the Parties fail to reach resolution of their dispute in mediation, or if Magistrate Judge Theiler declines to mediate the dispute, either party may file a motion requesting that the Court resolve the dispute.

B.    The dispute resolution procedures and all meet-and-confer requirements in this Agreement shall be conducted confidentially.  No public disclosure relating to the dispute shall be made unless the dispute is filed with the Court.

C.    Any and all documents and information disclosed by either party during the mediation process or during any meet-and-confer in this Agreement shall not be admissible in any judicial proceeding and shall be given the protection of Fed. R. Evid. 408.

D.    All statements or conclusions of the mediator shall not be admissible in any subsequent judicial proceeding.

## XI. ADDITIONAL PROVISIONS

A.    This Agreement may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all Parties hereto or their successors-in-interest.

B.    The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

C.    This Agreement constitutes the entire agreement among the Parties hereto concerning the settlement of the action, and no representations, warranties, or inducements have been made by any party hereto other than those contained and memorialized in such documents.

D.    This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Electronic or facsimile transmitted signatures shall have the same effect as originals.

E.    This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

SETTLEMENT AGREEMENT  
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station  
Washington, D.C. 20044  
(202) 305-7181

-13-

4814-2732-6099v.4 0201148-000002

F.    This Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized by the Parties that this Agreement is the result of negotiations between the Parties and that all Parties have contributed substantially and materially to the preparation of this Agreement.

G.    All counsel and any other person executing this Agreement and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken under the Agreement to effectuate its terms.

H.    The computation of time will be determined by Federal Rule of Civil Procedure 6.  If a lapse in appropriations affecting Defendants or Defendants' counsel occurs within 60 days prior to any deadline of this Agreement, that deadline shall be extended automatically one calendar day for each calendar day of delay caused by the lapse in appropriations.

I.    The Parties may extend the dates set forth in this Agreement or otherwise modify this Agreement by a written agreement executed by counsel for the Parties.

J.    Any notices required or provided for by this Agreement shall be in writing and shall be deemed effective (1) upon receipt if sent by U.S. Postal Service, or (2) upon the date sent if sent by overnight delivery, facsimile, or email.

SETTLEMENT AGREEMENT  
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station  
Washington, D.C. 20044  
(202) 305-7181

-14-

4814-2732-6099v.4 0201148-000002

DATED: April 17, 2019            *Counsel for Defendants*

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

GISELA A. WESTWATER
Assistant Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

C. FRED SHEFFIELD
GLADYS M. STEFFENS GUZMAN
ALEXANDER HALASKA
Trial Attorneys

By: _____
VICTOR M. MERCADO-SANTANA
Trial Attorneys
Civil Division, Office of Immigration Litigation
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Telephone:  (202) 305-7001
Facsimile:  (202) 616-8962
victor.m.mercado-santana@usdoj.gov

SETTLEMENT AGREEMENT
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

-15-

4814-2732-6099v.4 0201148-000002

DATED: April 17, 2019                                    *Counsel for Plaintiffs*

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs Northwest Immigrant Rights Project and Yuk Man Maggie Cheng*

By _____
    Michele Radosevich, WSBA #24282
    Jaime Drozd Allen, WSBA #35742
    James Harlan Corning, WSBA #45177
    Robert E. Miller, WSBA #46507
    Laura-Lee Williams, WSBA #51358
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101-3045
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail:  micheleradosevich@dwt.com
            jaimeallen@dwt.com
            jamescorning@dwt.com
            robertmiller@dwt.com
            lauraleewilliams@dwt.com

NORTHWEST IMMIGRANT RIGHTS PROJECT
Matt Adams, WSBA #28287
Leila Kang, WSBA #48048
615 2nd Avenue, Suite 400
Seattle, WA 98104-2244
Phone: (206) 957-8611
Fax: (206) 587-4025
E-mail:  matt@nwirp.org
         leila@nwirp.org

SETTLEMENT AGREEMENT
(Case No. 2:17-cv-716)

P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

-16-

4814-2732-6099v.4 0201148-000002